HOBSON, Acting Chief Judge.
The sole question on this appeal is whether or not Mullins was continuously available for trial on a misdemeanor charge during the 90-day period established by R.Cr.P. 3.191(a)(1).
The record shows that Mullins was arrested on June 30, 1973, was advised to appear for arraignment on July 11, 1973, and signed a document so notifying him of the arraignment date. He did not appear at the arraignment; whereupon, a bench warrant was issued for his arrest and he was re-arrested on or about August 15, 1973. He appeared before the court on August 15, 1973, at which time he pled not guilty and trial was set for October 9, 1973. Mullins filed his motion for discharge on the ground that he was denied a speedy trial, which motion was denied on October 3, 1973.
The court held that under R.Cr.P. 3.-191(e) the State had shown the non-availability of Mullins during the 90-day period from his original arrest; that the 90 days did not begin to run until he was re-arrested on August 15, 1973; and that the trial date of October 9, 1973 was within the 90-day period. He further ruled that Mullins did not establish his continuous availability during the 90-day period from his original arrest by competent proof as required by R.Cr.P. 3.191(e).
We agree with the trial court’s ruling and, therefore, the order appealed is
Affirmed.
GRIMES, J., and SCHWARTZ, ALAN R., Associate Judge, concur.