PER CURIAM.
This is an appeal by the state from an order of discharge under the Speedy Trial Rule.
It is difficult to state the pertinent dates and facts with particularity because no witnesses testified at the hearing on the motion for discharge. The judge made his ruling based on proffers of what the witnesses would testify made by both attorneys. Suffice it to say, the record clearly reflects that the judge entered the order of discharge because he was of the view that after the appellee was located in Ohio the speedy trial time ran out when the state failed to follow through with extradition.
If the appellee failed to voluntarily waive extradition, this case would be governed by Fla.R.Crim.P. 3.191(e) which provides that an accused is not entitled to compute for speedy trial purposes the time which elapses when he voluntarily removes himself from the jurisdiction of the court or otherwise acts to make himself unavailable for trial. Cf. O’Bryan v. State, 326 So.2d 83 (Fla. 1st DCA 1976).
Since the record leaves so much doubt as to what really occurred, the order of discharge is hereby set aside, and the case is remanded with directions to have a further hearing at which time testimony can be taken toward developing whether the ap-pellee was be entitled to discharge for failure to provide him with a speedy trial.
McNULTY, Acting C. J., and GRIMES and OTT, JJ., concur.