WENTWORTH, Judge.
Petitioner, a resident of the State of Washington, was arrested in Tallahassee, Florida, on December 1, 1979, on a charge of armed robbery. He was released on bond the following day and returned to his home in Washington. His Washington address was known to Florida authorities.
Petitioner failed to appear for arraignment in Florida, and a capias was issued for his arrest. He remained in Washington and was arrested by Washington authorities on March 23, 1980, based on the unresolved charges pending in Florida. He refused to waive extradition, Florida authorities undertook extradition proceedings, and custody was reobtained on June 20, 1980.
On August 29, 1980, five days before his scheduled trial date, petitioner filed a mo *1214 tion for discharge in the trial court, essentially alleging that the State of Florida had failed to bring him to trial within the 180 days mandated by Rule 3.191(a)(1), Fla.R. Crim.P. Petitioner further asserted that from the time of his release on bond in Florida to the time of his arrest by Washington authorities 112 days later, he was continuously available for trial. He asserted that the extradition proceeding tolled, but did not erase, the time elapsed for speedy trial purposes. Petitioner contended that when Florida authorities gained custody of him on June 20,1980, the state had 68 days remaining in which to bring petitioner to trial before the time would expire on August 27, 1980. Petitioner accordingly moved for discharge, concluding that the trial court was without jurisdiction to try him on September 4, 1980.
Following a hearing and consideration of testimony, the trial judge denied the petitioner’s motion. Petitioner’s trial on September 4th resulted in a mistrial. Petitioner seeks the issuance of a writ prohibiting retrial upon the same grounds raised in his motion for discharge denied by the trial court.
In resolving this cause, we find Rule 3.191(e), Fla.R.Crim.P., governs. See State v. Kovach, 350 So.2d 801 (Fla. 2nd DCA 1977). In pertinent part, Rule 3.191(e) states:
If an accused . . . acts to make himself unavailable for trial, the right to trial within the time herein provided shall on motion by the State be voidable by the court in the interests of Justice. Upon such accused ... being retaken into custody, the time within which trial is to commence shall be as herein provided and begin anew, [emphasis added]
Petitioner’s refusal to waive extradition was an act on his part making himself unavailable for trial. Upon being retaken into custody, under the clear terms of the rule, the time within which the trial is to commence shall begin anew. See State ex rel. Mullins v. Trettis, 316 So.2d 617 (Fla. 2nd DCA 1975). We find no reason not to apply the plain meaning of those emphasized words.
Because less than 180 days had expired from the time the State of Florida reob-tained custody of the petitioner until he was brought to trial, we find no reason to interfere with the trial court’s ruling or exercise of jurisdiction in this cause.[1] The Petition for Writ of Prohibition is accordingly denied.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.

. This conclusion makes unnecessary the consideration of alternative evidentiary grounds which might also support the order in question.